UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL F. ALLEVATO,

                Petitioner,
v.                                          9:21-CV-1159
                                                      (GTS)

DAVID HOWARD, Superintendent,

                Respondent.
_____

APPEARANCES:                                             OF COUNSEL:

MICHAEL F. ALLEVATO
Petitioner, pro se
16-B-2208
Woodbourne Correctional Facility
99 Prison Road
P.O. Box 1000
Woodbourne, NY 12788

GLENN T. SUDDABY
United States Chief District Judge

**DECISION and ORDER**

**I.  INTRODUCTION**

Petitioner Michael Allevato seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1]  On October 25, 2021, the case was administratively closed. Dkt. No. 2, Administrative Closure Order.  Petitioner was given thirty days leave to properly commence the action by either paying the statutory filing fee or filing a properly certified in forma pauperis application.  *Id.* at 2.  Petitioner timely complied, remitting the statutory filing fee, and the case was reopened.  *See* Dkt. No. 3, Letter; Dkt. Entry for 11/1/21 (identifying

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

receipt information for filing fee transaction); Dkt. No. 4, Text Order (reopening case); Dkt. No. 5, Affidavit (regarding filing fee).

## II.   THE PETITION

Petitioner challenges a 2016 judgment of conviction in Otsego County, upon a guilty plea, of first degree rape.  Pet. at 1-2; *see also People v. Allevato*, 170 A.D.3d 1264, 1264 (3rd Dep't 2019).  Petitioner also moved to have the judgment vacated, pursuant to Criminal Procedure Law § 440.10 ("440 motion"); however, the 440 motion was denied by the County Court without a hearing.  *Allevato*, 170 A.D.3d at 1264-65.  Petitioner's direct appeal and appeal of the denial of his 440 motion were heard together.  *Id.* at 1265.

The New York State Appellate Division, Third Department affirmed the conviction and order denying the 440 motion, and, on September 18, 2019, the New York State Court of Appeals denied leave to appeal.  Pet. at 2-3; *Allevato*, 170 A.D.3d at 1266, *lv. denied*, 34 N.Y.3d 949 (2019).  Petitioner did not file a petition for a writ of certiorari.  Pet. at 3.

Petitioner also filed a writ of error coram nobis on May 22, 2021.  Pet. at 3.  The Third Department denied the motion on July 29, 2021.  *Id.* at 6.[2]  Petitioner applied for leave to appeal which the Court of Appeals denied on October 5, 2021.  *Id.* at 4, 8, 9, 11.

Petitioner contends that he is entitled to federal habeas relief because his counsel was constitutionally ineffective.  Pet. at 5-11.  For a complete statement of petitioner's claims, reference is made to the petition.

## III.   DISCUSSION

---

[2] It appears that petitioner made typographical errors in the other places where he indicated that his wirt for error coram nobis was denied, indicating the date of the decision as May 28, 2021 instead of July 29, 2021.  *See* Pet. at 8, 9 ,11.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions.  28 U.S.C. § 2244(d)(1).  The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review.  28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).[3]

For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case.  *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548.  The tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run."  *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam).  The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken.

---

[3] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D).  None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

*Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.

Moreover, AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). However, a petitioner's lack of legal knowledge does not constitute extraordinary circumstances preventing him or her from filing a timely petition. *Jenkins v. Greene,* 630 F.3d 298, 305 (2d Cir. 2010); *see Smith,* 208 F.3d at 18 (noting that a petitioner's pro se status does not establish sufficient ground for equitable tolling).

In this case, as petitioner indicates in his petition, his conviction was affirmed by the Court of Appeals on September 18, 2019. Pet. at 2-3; *Allevato*, 34 N.Y.3d at 949. Petitioner's conviction became "final" for purposes of the AEDPA ninety days later, on December 17, 2019, when the time to seek certiorari expired. *Thaler*, 565 U.S. at 149. Petitioner had one year from that date, or until December 16, 2020, to file a timely federal habeas petition. The present petition, signed on October 18, 2021, is over ten months too late.[4]

While the statute of limitations will be statutorily tolled while petitioner's properly filed

---

[4] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988)

collateral attack was pending, his habeas petition is still untimely.  Petitioner's writ for error coram nobis was filed on May 22, 2021, five months beyond the expiration of the limitations period.  Therefore, the writ of error coram nobis had no bearing on the present analysis because an application for collateral relief cannot serve to "revive [an] expired statute of limitations."  *Gillard v. Sticht*, No. 9:16-CV-0513 (MAD), 2017 WL 318848, at *3 (N.D.N.Y. Jan. 23, 2017) (citations omitted); *accord, Roberts v. Artus*, No. 1:16-CV-2055, 2016 WL 2727112, at *2 (E.D.N.Y. May 5, 2016) ("If the 440 motion was filed after the one-year statute of limitations period expired, it cannot be counted for purposes of statutory tolling.").

The Supreme Court has held that the district court may raise the statute of limitations issue sua sponte, but before the court may dismiss the petition sua sponte on that basis, the petitioner is entitled to notice and an opportunity to be heard regarding the timeliness issue.  *Day v. McDonough*, 547 U.S. 198, 209-11 (2006).  Accordingly, petitioner is given leave to file a written affirmation **within thirty (30) days** of the filing date of this Decision and Order that explains why the statute of limitations should not bar his petition.  The affirmation shall not exceed fifteen (15) pages in length.  If petitioner fails to comply with this order, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

### IV.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner may file a written affirmation, **within thirty (30) days** of the filing date of this Decision and Order, explaining why the statute of limitations should not bar this petition.  The affirmation shall not exceed fifteen (15) pages in length.  Petitioner should state the date(s) upon which he filed any state court applications for relief in which he challenged his conviction, including the name and location of the court(s) in which he filed

each application, and the date(s) upon which the application(s) were denied. If petitioner is asking the court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above. If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so. No answer to the petition will be required from the respondent until petitioner has submitted the required affirmation, and the Court has had the opportunity to review his arguments; and it is further

**ORDERED** that upon petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the court for review; and it is further

**ORDERED** that if petitioner fails to submit the required affirmation, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d) with no further order from the Court; and it is further;

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: November 9, 2021

Hon. Glenn T. Suddaby
Chief U.S. District Judge