UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────

MICHAEL F. ALLEVATO,

                                   Petitioner,

        v.                                                    9:21-CV-1159
                                                             (GTS)

DAVID HOWARD, Superintendent,

                                   Respondent.

─────────────────────────────────

APPEARANCES:                                    OF COUNSEL:

MICHAEL F. ALLEVATO
Petitioner, pro se
16-B-2208
Woodbourne Correctional Facility
99 Prison Road
P.O. Box 1000
Woodbourne, NY 12788

GLENN T. SUDDABY
United States Chief District Judge

**DECISION and ORDER**

   Petitioner Michael Allevato seeks federal habeas corpus relief pursuant to 28 U.S.C. §

2254.  Dkt. No. 1, Petition ("Pet.").[1]  Petitioner argues that he is entitled to relief because his

counsel was constitutionally ineffective.  Pet. at 5-11.

   On November 9, 2021, the Court directed petitioner to file an affirmation explaining

why the statute of limitations should not bar his petition.  Dkt. No. 6, Decision and Order

("November Order").  In compliance with the November Order, petitioner timely filed an

affirmation, as well as several supporting exhibits.  Dkt. No. 7, Affirmation; Dkt. No. 7-1,

─────────────────────────

   [1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

Exhibits; Dkt. No. 10, Supporting Affidavit; Dkt. No. 11, Letter in Support.  Respondent was directed to answer the petition.  Dkt. No. 8, Decision and Order.  The deadline is presently scheduled for March 1, 2022.

On December 14, 2021, the Court received petitioner's motion for a preliminary injunction.  Dkt. No. 12, Motion.  Respondent was directed to file a response.  Text Notice dated 12/16/21.  Respondent recently requested, and was granted, an extension; therefore, the response is due on or before January 14, 2022.  Dkt. No. 13, Letter Motion, Dkt. No. 16, Text Order.

Presently pending before the Court are petitioner's motions to (1) remove and join claims from a state court action into the present habeas petition and (2) include an additional claim in the pending action based upon new evidence.  Dkt. Nos. 14 & 15, Motions.

In the first motion, as further explained by petitioner's second letter motion, petitioner intends to add claims to his pending federal action from his recent state court action which alleged various constitutional violations.  Dkt. No. 14 at 10-48.  Specifically, petitioner also claims that he is entitled to federal habeas relief because (1) his Fourth Amendment rights were violated when he was subjected to a warrantless, eavesdropping, controlled telephone call without properly waiving his *Miranda* rights, Dkt. No. 14 at 10-25; (2) petitioner's guilty plea was coerced and induced by fraud, *id.* at 11-12, 38-48; (3) his due process rights were violated when petitioner was denied a prompt preliminary hearing and probable cause determination, *id.* at 25-26; and (4) his grand jury proceedings were deficient because the evidence the grand jury used to indict petitioner was procured by unconstitutional means, *id.* at 29-38.  Petitioner also asserts that new evidence – sworn affidavits from his mother and step-father – demonstrates his actual innocence; however, it is unclear whether petitioner

2

intends this argument to serve as a reason for equitable tolling, a new claim, or both. *Id.* at 27-28.

In the second motion, petitioner first clarifies that he wants to join the claims from his state action to his federal habeas petition. Dkt. No. 15 at 1. However, it is unclear whether the state court actions have been fully appealed – and therefore exhausted – or if they are still pending in state court. Additionally, petitioner argues that new evidence – annual reports from law enforcement agencies – demonstrates that the New York State Attorney General has failed to comply with Congressional mandates and has failed to monitor, investigate, or bring legal action against local counties, such as Otsego, for non-compliance. *Id.* at 6.

Liberally construing both of petitioner's pending motions, it appears that petitioner is attempting to amend his federal habeas petition. To the extent that petitioner intends these motions serve as his leave to file an amended petition, such motions are denied because they do not meet the requirements set forth in the Federal Rules of Civil Procedure or the Court's Local Rules of Practice.[2]

The filing of amended pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. An amended petition is intended to replace and supercede in its entirety the previous petition. The Federal Rules are buttressed by the Local Rules of Practice of this District ("Local Rules"), which provide, in pertinent part, that

> A party moving to amend a pleading pursuant to Fed. R. Civ. P. 14, 15, 19-22 must attach an unsigned copy of the proposed amended

---

[2] Petitioner failed to attach a complete proposed amended petition to any of his motion papers. This is a sufficient reason to deny petitioner's motion to amend as it precludes the Court from "examin[ing] the exact amendment that it is being asked to permit[;] . . . ensur[ing] that all of the allegations asserted against the [respondents] are contained in a single document[;] . . . [and] eliminat[ing] the confusing nature of piecemeal amended pleadings." *See Cusamano v. Sobek*, 604 F.Supp.2d 416, 508 (N.D.N.Y. 2009) (holding that compliance with this Court's local rules is "not merely technical in nature.") (internal quotation marks and citations omitted).

> pleading to its motion papers.  Except if the Court otherwise orders,
> the proposed amended pleading must be a complete pleading,
> which will supercede the original pleading in all respects.

N.D.N.Y.L.R. 15.1(a).  The Local Rules further state that a "party shall not incorporate any

portion of its prior pleading into the proposed amended pleading by reference."  *Id*.  "While

we have insisted that the pleadings prepared by [pro se litigants] be liberally construed . . .

we have never suggested that procedural rules in ordinary civil litigation should be interpreted

so as to excuse mistakes by those who proceed without counsel."  *McNeil v. U.S.*, 508 U.S.

106, 133 (1993).

Therefore, the Court will grant petitioner leave to file a properly-formatted motion to

amend his petition.  Petitioner is directed to, within **THIRTY (30) DAYS** of this Order, submit

a motion to amend that complies with both the Federal and Local Rules.  Any proposed

amended petition must be **a complete pleading which sets forth all of the claims**

**petitioner seeks to assert in this action against the person named as the respondent.**

**WHEREFORE**, it is hereby

**ORDERED** that petitioner's motions, Dkt. Nos. 14 & 15, be **DENIED WITHOUT**

**PREJUDICE**; and it is further

**ORDERED** that petitioner is granted thirty (30) days leave to file a motion to amend.

**Petitioner must submit a proposed amended petition setting forth all of the claims that**

**he wants the Court to consider, including the claims now raised in the petition and the**

**new claims that petitioner wants to add to the petition.**  The Clerk is directed to send

petitioner a blank section 2254 petition for that purpose.  In his proposed amended petition,

petitioner must state the name and location of the court that entered the judgment of

4

conviction, the date of the judgment of conviction, the offense(s) for which he was convicted, and the length of the sentence received.  He must specify **all** grounds upon which the amended petition is based, and the facts supporting each ground, in the proposed amended petition.  Petitioner must also state the date(s) upon which he filed any court proceedings in which he challenged his conviction, including the name and location of the court(s) in which he filed each application and the date(s) upon which the court(s) denied each application. He must also demonstrate either that his proposed amended petition is timely, or that it relates back to his original petition; and it is further

**ORDERED** that upon the filing of petitioner's motion to amend, the Clerk is directed to return the file to the Court for further review; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon respondent. Respondent shall not be required to file and serve an answer relating to the petition, Dkt. No. 8, until further order of the Court; and it is

**ORDERED** that if petitioner fails to timely submit a motion to amend his petition, the original petition, Dkt. No. 1, will remain the operative pleading; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Local Rules.

Dated: January 5, 2022
           Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

5