UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL F. ALLEVATO,

              Petitioner,

v.                                           9:21-CV-1159
                                                    (GTS)

DAVID HOWARD, Superintendent,

              Respondent.
_____

APPEARANCES:                                              OF COUNSEL:

MICHAEL F. ALLEVATO
Petitioner, pro se
16-B-2208
Woodbourne Correctional Facility
99 Prison Road
P.O. Box 1000
Woodbourne, NY 12788

HON. LETITIA JAMES                                  JODI A. DANZIG, ESQ.
Attorney for Respondent                              Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

GLENN T. SUDDABY
United States Chief District Judge

## DECISION and ORDER

## I.    INTRODUCTION

    Petitioner Michael Allevato seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] Petitioner argues that he is entitled to relief because his counsel was constitutionally ineffective. Pet. at 5-11.

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

On December 14, 2021, the Court received petitioner's motion for a preliminary injunction. Dkt. No. 12, Motion. Respondent opposes the motion. Dkt. No. 22.

Shortly thereafter, the Court received petitioner's motions to (1) remove and join claims from a state court action into the present habeas petition and (2) include an additional claim in the pending action based upon new evidence. Dkt. Nos. 14 & 15, Motions. The Court liberally construed both motions as a request to amend the pending petition and provided petitioner with thirty days leave to file a proper motion. Dkt. No. 17, Decision and Order ("January Order"). Consistent with the January Order, petitioner timely filed a motion to amend. Dkt. No. 23.

## II.     DISCUSSION

### A.     Motion for a Temporary Restraining Order ("TRO")

Petitioner filed a motion seeking to "be made a federal legal priority as []his case now rests in Federal Jurisdiction." Dkt. No. 12 at 1. Specifically, petitioner argued that he required the Court's intervention to grant injunctive relief because (1) an inmate was not properly quarantined before being transferred to petitioner's housing unit in violation of the facility's COVID policies, Dkt. No. 12 at 3; (2) a second inmate, with a history of assaulting inmates and staff, was also transferred to petitioner's dormitory, *id*. at 4; (3) petitioner's food packages were being held longer than the time permitted per facility protocols, *id.* at 4-5; (4) the facility hindered petitioner's access to the courts, *id.* 4, 35; (5) the facility failed to properly treat, and prevent, petitioner's continued adverse reaction to particular types of food served in the facility, *id.* at 4-5, 9-17, 39-65; (6) the facility obstructed petitioner's Freedom of Information Law ("FOIL") requests, *id.* at 4; (7) the facility failed to advise petitioner of his

stepfather's death, *id.* at 4-5; and (8) the facility's actions represent retaliation and will continue, indefinitely, in an attempt to endanger petitioner's safety and thwart his efforts to continue to assert his innocence, *id.* at 6. In support of his arguments, petitioner attached several grievances concerning (1) his food sensitivities and the alleged deliberate indifference displayed by facility personnel, Dkt. No. 12-1 at 9-17, 39-65; (2) the facility's business office's mistake in disbursing petitioner's funds, specifically as they involve an encumbrance, *id.* at 19-29; (3) the lack of an available notary for petitioner's legal work, *id.* at 35; (4) legal mail being deemed contraband, *id.* at 67-105; and (5) petitioner's difficulties with, and the efforts exerted to obtain, a stipulated record on appeal, *id.* at 106-159. Petitioner also filed a letter in support of his motion, claiming that he was quarantined after a random, asymptomatic COVID test showed that petitioner was positive. Dkt. No. 21 at 1. Petitioner contends that the testing, result, and quarantine were all retaliatory in nature. *Id.*

Respondent opposes the motion. Dkt. No. 22. Respondent argues that petitioner has not met the requirements for relief because (1) he does not allege a threat of irreparable harm, and (2) he cannot establish a likelihood of success on the merits. *Id.* at 3-8.

"The purpose of a Temporary Restraining Order [("TRO")] is only to preserve the status quo until after the presentment of further evidence on the merits of the [petitioner's] claims [and i]t is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." *Page v. Oath, Inc.*, No. 1:17-CV-6990, 2018 WL 1474620, at *1 (S.D.N.Y. Mar. 26, 2018) (internal quotation marks and citations omitted). "A party seeking a preliminary injunction ordinarily must show: (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or

3

sufficiently serious questions going to the merits to make them a fair ground for litigation[.]" *Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008).  "As a prerequisite to establishing a likelihood of succeeding on the merits of a claim, 'the relief that a [petitioner] seeks by way of injunction must relate to the allegations contained in the underlying [petition.]'"  *Watson v. Moscicki*, No. 1:08-CV-0960, 2009 WL 2252503, at *2 (W.D.N.Y. July 28, 2009) (quoting *Chavis v. Ryan*, No. 9:05-CV-0100 (FJS/DRH), 2007 WL 446440, at *2 (N.D.N.Y. Feb. 7, 2007)); *see also Page*, 2018 WL 1474620, at *2 ("The relief that a [petitioner] seeks through a TRO or injunction must relate to the allegations contained in the underlying [petition].") (citing cases).

Here, the operative petition challenges a 2016 judgment of conviction, arguing that petitioner is entitled to federal habeas relief due to ineffective assistance of counsel.  Pet. at 1-2, 5-11.  However, petitioner's allegations in his TRO – claiming deliberate indifference to petitioner's medical care, health and personal safety; retaliation; and interference with legal mail – are completely different than those proffered in the petition.  Therefore, the Court is unable to grant the requested injunctive relief because petitioner has failed to establish a likelihood of success.[2]  *See Phelan v. Hersh*, No. 9:10-CV-0011 (GLS/RFT), 2010 WL 277064, at *7 (N.D.N.Y. Jan. 20, 2010) ("[T]he relief that a [petitioner] seeks by way of injunction **must relate to the allegations contained in the underlying [petition].**")

---

[2] Petitioner does not provide information about challenging these arguments through both the facility grievance and state court systems.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").  Accordingly, it does not appear that petitioner has properly exhausted any of these claims, which is a prerequisite for obtaining federal habeas relief. 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).  This is another reason petitioner's motion should be denied.  S*ee also Harrison v. Wolcott*, No. 6:20-CV-6270, 2020 WL 3000389, at *4 (W.D.N.Y. June 4, 2020) (explaining petitioner failed to satisfy the standard required for injunctive relief because "[p]etitioner has not demonstrated a likelihood of success on the merits or sufficiently serious questions going to the merits . . . because it appears [p]etitioner's claims . . . are unexhausted.") (citing *Jackson v. Capra*, No. 1:14-CV-0202, 2015 WL 367085, at *7 (S.D.N.Y. Jan. 28, 2015))

4

(emphasis in original).

Moreover, petitioner's arguments are also insufficient to establish the requisite irreparable harm dictated by the standard. Specifically, assuming petitioner is infected with COVID – which the Court has no reason to doubt given the current climate – such claims are insufficient to demonstrate extraordinary and compelling circumstances because (1) petitioner already contracted and recovered from the disease and (2) he remained asymptomatic during that time. *See* Dkt. No. 21 (explaining petitioner's lack of symptoms and surprise at both the random testing and positive result); *United States v. Neubert*, No. 1:14-CR-0200, 2021 WL 248008, at *5 (W.D.N.Y. Jan. 26, 2021) (denying compassionate release and explaining that extraordinary circumstances are demonstrated for inmates with health conditions putting them at high risk for contracting the disease, not for those who have convalesced from COVID, fail to have co-morbidities, remained healthy, received proper medical care, or claim they hypothetically face an uncertain future risk of infection or reinfection).

Furthermore, petitioner's assertions that he will be the victim of an assault based on a new dormitory mate or future retaliation from corrections' employees is purely speculative and unfounded. *See Phelan*, 2010 WL 277064, at *6 ("Speculative, remote, or future injury is not the province of injunctive relief."). Similarly, petitioner's remaining broad allegations of obstruction with FOIL, failure to notify, and interference with legal mail, without more, are insufficient to warrant relief. *Id.* (explaining that proof or evidence must be submitted to support each claim and bare allegations, speculation, or hypotheticals are not enough).

Furthermore, petitioner's grievances indicate that, despite his claims of food intolerance, he has received medical treatment and he is receiving food from the facility

supplemented from packages at home. Dkt. No. 12-1 at 9-17, 39-65. There is nothing in the documents provided to substantiate a serious medical condition or indicate that petitioner is not eating, and while delays are inconvenient and annoying, they do not rise to a level of irreparable harm. *Phelan*, 2010 WL 277064, at *6 (explaining that, with respect to medical claims, it must be shown that there is "a medical condition which is likely to become significantly worse without some definite course of treatment.")

Finally, complaints about an inmate's conditions of confinement – including transfers and inmate placement, deliberate indifference to medical conditions, retaliation, and issues with legal mail – which do not impact the fact or length of confinement, are more appropriately brought pursuant to 42 U.S.C. § 1983. *Peralta v. Vasquez*, 467 F.3d 98, 104-05 (2d Cir. 2006). To the extent petitioner seeks to challenge the actions of the facility's medical or correctional staff, he may file a civil rights action pursuant to 42 U.S.C. § 1983, which will be subject to review under the Prisoner Litigation Reform Act ("PLRA") of 1996.

Accordingly, for the aforementioned reasons, petitioner's motion is denied.

### B.     Motion to Amend

Petitioner has timely submitted a motion to amend the present petition. Dkt. No. 23. Previously, respondent was directed to answer the petition. Dkt. No. 8, Decision and Order. The deadline is presently scheduled for March 1, 2022. Given the motion to amend, the answer deadline is stayed pending its decision. Moreover, respondent is given thirty (30) days leave to respond to the motion.

## III.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motion for injunctive relief, Dkt. No. 12, is **DENIED**; and it

is further

    **ORDERED** that respondent's answer deadline is stayed pending resolution of petitioner's motion to amend.  Respondent shall have thirty (30) days from the issuance of this Order to respond to petitioner's motion; and it is further

    **ORDERED** that upon receipt of the response, the Clerk shall respectfully forward the file in this matter to the Court for further review; and it is further

    **ORDERED** that the Clerk is respectfully requested to provide petitioner with a 42 U.S.C. section 1983 packet for his reference; and it is further

    **ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties in accordance with the Court's Local Rules of Practice.

**IT IS SO ORDERED.**

Dated: January 27, 2022
        Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge